PETERSON, Judge.
C.V.H., a child, was charged with loitering and prowling, in violation of Section 856.021, Florida Statutes (1987). C.V.H. moved for a judgment of acquittal. At the conclusion of the state’s case, the motion was denied; C.V.H. elected not to present any evidence; and the court found C.V.H. guilty of the charged offense, withheld adjudication, and placed him in a community control program until his 19th birthday. While two issues are raised on this appeal, the dispositive issue is whether the motion for judgment of acquittal should have been granted because the state failed to prove the elements of the loitering and prowling charge.
On November 4, 1988, Seminole County Deputy Sheriff Kenneth Negri was working in plain clothes with the narcotics vice squad. At approximately 2:30 p.m. on that *928 day, Deputy Negri walked up to a convenience store/gas station and noticed C.V.H. in the adjacent parking area in the company of two other young males. One of the young males approached Deputy Negri and sold him some cocaine. After the transaction, the seller of the cocaine returned to the area where C.V.H. and the other male were standing, and Deputy Negri then gave a signal that caused another deputy to drive up to the scene. The boys recognized the deputy’s car and fled on foot to a building located behind the convenience store where backup officers had been positioned and were waiting for their arrival. C.V.H. thereupon was arrested for loitering and prowling.
At the time of the arrest, the convenience store was open for business, and one of the boys had purchased an item from the store within an hour of the arrest. Deputy Negri recalled that, when the other deputy’s car arrived on the scene, one of the boys seen running with C.V.H. had a hot dog in his hand. The deputy admitted that, when C.V.H. was arrested for loitering and prowling, he was not concerned that C.V.H. was about to commit a burglary or robbery. He also admitted that the entire arrest episode took place in two minutes, that he could not recall if C.V.H. spoke to the boy who sold the drugs to Deputy Negri, and that he was uncertain how long C.V.H. had been in the area of the parking lot adjacent to the convenience store prior to the arrest. Roberta Zibaie, a co-owner of the convenience store, stated that a “no loitering or prowling” sign had been posted on the exterior wall of the store, that young persons would congregate at the parking lot, and that theré had been incidents of vandalism that had caused damages to the store. She further stated that C.V.H. was known by her, had frequented the store as a customer, and had not caused her any major problems. She also testified customers frequently would buy food at the store, consume it in the parking area, and then discard the wrappings in the nearby trash bins.
Section 856.021, Florida Statutes, was found to be constitutional by our supreme court in State v. Ecker, 311 So.2d 104 (Fla.1975). The statute reads as follows:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by' requesting him to identify himself and explain his presence and conduct. No persons shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083. In construing the statute, the supreme
court stated:
Under the provisions of this statute, the elements of the offense are: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. This alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself, or refuses to identify himself. Prior to any arrest, the defendant must be afforded *929 an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. If it appears at trial that the explanation is true and would have dispelled the alarm or immediate concern, then the defendant may not be convicted under this statute.
State v. Ecker, 311 So.2d at 106.
We do not feel that C.V.H. violated the first element of the statute. He was observed for only a period of two minutes in a parking lot frequently used by customers of the convenience store to consume their food purchases and was in the company of a customer who was still consuming a hotdog that probably had been purchased at the store. C.V.H. and the other two boys were acting in a manner that usually would not call attention to themselves had one of these persons not participated in a drug transaction. C.V.H. was not charged with participation in the drug transaction. While it is true that C.V.H. ran when he recognized the car driven by the deputy sheriff, thus satisfying the presumption of an alarm under the second element of the statute, the first element must also be present in order to be convicted under the statute.
Section 856.021 is sometimes used as a “catchall” criminal charge when no other charge could be proved. Id. at 111. C.V.H., a child of 14 years of age, was in the company of a seller of illegal dru'gs at 2:30 p.m. on a school day on premises previously vandalized and used for loitering. He had been arrested not more than 23 days earlier for possession of crack cocaine. The same convenience store location had been involved in the earlier arrest. These facts were known to the court and to Deputy Negri. The court also was advised by Zibaie that her efforts to operate a convenience store business at this location were frustrated by vandalism, thefts, and congregating troublemakers. Further, she informed the court, police officials and a security guard who had been assaulted while attempting to safeguard the premises had been unable to provide a remedy. Understandably, those charged with the responsibility of enforcing the laws and protecting property would be tempted to use a “catchall” statute to alleviate the sources of the problem, but good intentions are not a substitute for proof of the elements of an offense.
The denial of the motion for judgment of acquittal is reversed, and the trial court is directed to terminate the community control program.
REVERSED.
COBB and GRIFFIN, JJ., concur.